# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CARLA CLARICE OWENS, | No. 17 CV 4824 |
| Plaintiff, | |
| v. | Magistrate Judge Young B. Kim |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | July 5, 2018 |

## MEMORANDUM OPINION and ORDER

Carla Owens brings this action pursuant to 42 U.S.C. § 405(g) challenging the Commissioner's decision denying her application for disability insurance benefits ("DIB"). The parties have consented to this court's jurisdiction. (R. 11); *see* 28 U.S.C. 636(c). Before the court are Plaintiff's request to remand the matter for further proceedings, (R. 15), and the government's motion for summary judgment, (R. 20). For the following reasons, Owens's request is denied and the government's motion is granted:

## Background

In October 2013 Owens filed an application for a period of disability and disability insurance benefits alleging a disability onset date of July 11, 2012. (Administrative Record ("A.R.") 193-99.) After her application was denied initially and upon reconsideration, Owens requested and was granted a hearing before an Administrative Law Judge ("ALJ"). At the April 2016 hearing both Owens and a vocational expert ("VE") testified. (Id. at 14.) Although Owens's representative

objected to the VE's testimony based on a "position that there is no reliable reproducible method to calculate" the number of jobs available based on codes in the Dictionary of Occupational Titles ("DOT"), Owens did not object at the hearing to the VE's qualifications or to the sources underlying her opinions regarding what jobs a person with certain hypothetical limitations could perform. (Id. at 52.)

Just over two weeks after the hearing Owens's representative submitted to the ALJ a post-hearing brief lodging objections to the VE's testimony that were not raised during the hearing itself. (A.R. 309-34.) Among those objections was Owens's assertion that the VE's testimony describing unskilled jobs that exist under the DOT was unreliable because those jobs "are no longer performed at the unskilled level pursuant to current labor market data." (Id. at 313.) Owens argued that more up-to-date job information provided through O*NET undermines the VE's conclusion that certain jobs can be characterized as unskilled.[1] (Id.)

On June 17, 2016, the ALJ issued a decision concluding that Owens was not disabled as of her date last insured. (A.R. 99-116.) Before turning to the standard five-step sequence for evaluating disability claims under 20 C.F.R. § 404.1520(a), the ALJ overruled the objections Owens raised in her post-hearing brief. (Id. at 99-101.) Specifically, the ALJ overruled her objection that O*NET undermines the reliability of the VE's testimony regarding unskilled jobs because Owens's

---

[1] The Seventh Circuit has described O*NET as "the most current manual of job descriptions" and has noted that although the SSA has not endorsed O*NET, the database nonetheless provides helpful information while the SSA is in the process of "developing its own parallel classification system." *Dimmett v. Colvin*, 816 F.3d 486, 489 (7th Cir. 2016).

representative did not question the VE at the hearing about her sources, the VE's testimony was consistent with the DOT, and the regulations do not require adjudicators to take notice of O*NET but do require them to take notice of DOT information. (Id. at 100-01.) Proceeding through the five-step process, the ALJ then determined that despite her several severe impairments the evidence supports a finding that Owens has the residual functional capacity ("RFC") to perform light work with certain additional limitations, including performing only simple, routine tasks. (Id. at 106.) Although at step four the ALJ determined that Owens was unable to perform any of her past relevant work as of her date last insured, at step five the ALJ concluded that there are other jobs that exist in significant numbers that she could have performed, including airport security clerk and office helper. (Id. at 114-15.) Accordingly, the ALJ concluded that Owens was not disabled as of her date last insured. (Id. at 116.) In May 2017 the Appeals Council declined Owens's request for review, (id. at 1-6), and Owens then timely filed this suit challenging the ALJ's decision.

## Analysis

Owens's challenge to the Commissioner's decision is somewhat unusual in that she concedes that the ALJ made no error in assessing the medical evidence or assigning her RFC, and instead focuses solely on the issue of whether the case should be remanded because, according to her, the ALJ failed to address adequately her objections to the VE's testimony. (R. 15, Pl.'s Mem. at 4.) This court reviews the ALJ's decision only to ensure that it applies the correct legal standards and that

3

the ALJ's findings are supported by substantial evidence, meaning "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004) (quotation and citation omitted). Under that deferential standard this court may not reweigh evidence or substitute its judgment for the ALJ's, *see Summers v. Berryhill*, 864 F.3d 523, 526 (7th Cir. 2017), but must ensure that the ALJ provided an "analysis of the evidence with enough detail and clarity to permit meaningful appellate review," *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005).

Owens first argues that the ALJ violated the SSA's own regulations and guidance at step five by failing to address her post-hearing objections to the VE's testimony. (R. 15, Pl.'s Mem. at 4-6.) This argument has no support in fact or in law. As a factual matter, the ALJ did address Owens's post-hearing objections, providing not just rulings but narrative explanations. (A.R. 99-101.) The ALJ discussed Owens's representative's failure to challenge the VE's sources at the hearing, noted that the VE's testimony was consistent with the DOT, explained that the VE is not required to produce documentation to support her testimony, and pointed out that the regulations direct ALJs to take judicial notice of the DOT but not the O*NET. (Id. at 100-01.) Accordingly, as a factual matter it is simply not the case that the ALJ failed to rule directly on Owens's post-hearing objections.

Nor has Owens shown that the ALJ somehow violated a legal obligation set out by the SSA's Hearings, Appeals and Litigation Law ("HALLEX") manual, which, according to Owens, gives the ALJ "no discretion whatsoever as to whether she

4

rules on objections in some form or another." (R. 15, Pl.'s Mem. at 5 (emphasis omitted).) Putting aside that the ALJ *did* rule on Owens's objections, the ALJ did not violate any of the HALLEX provisions to which Owens cites in support of her argument. Specifically, HALLEX § I-2-6-74(B) states that at the hearing the ALJ must ask the claimant's representative if she has any objections to the VE's testimony and if so, must rule on any objections either "on the record during the hearing, in narrative form as a separate exhibit, or in the body of his or her decision." HALLEX § I-2-6-74(B). Here Owens did not raise the relevant objections to the VE's testimony until after the hearing, so the cited HALLEX provision does not apply. The same is true for HALLEX § I-2-5-30, which also deals with hearing objections and states that the "ALJ will respond to any objections, either in writing or on the record at the hearing." Because Owens did not raise the relevant objections at the hearing, and because the ALJ nonetheless dealt with her post-hearing objections in the body of her written decision, Owens has not shown that the ALJ violated any obligations established by HALLEX.[2] *See Horner v. Berryhill*, No. 17 CV 4823, 2018 WL 1394038, at *2 (N.D. Ill. March 20, 2018) ("Because HALLEX does not compel an ALJ to rule on objections to VE testimony posed *after* a hearing has ended, the ALJ's failure to do so in this case was not erroneous." (emphasis in original)).

---

[2] Owens also cites to HALLEX § I-2-6-70(B), but that provision addresses the testimony of medical experts.

5

In addition to these procedural arguments Owens makes a substantive argument that the ALJ erred in overruling her objection to the VE's testimony because, according to her, O*NET's listings rebut the presumption that the DOT is a reliable underpinning for the VE's testimony. Owens asserts that while the DOT lists the jobs of office helper and airport security guard as unskilled, O*NET classifies them as semi-skilled or skilled. Owens is correct to the extent that she argues that the ALJ's step-five finding has to be based on reliable job information. *See McKinnie v. Barnhart*, 368 F.3d 907, 910 (7th Cir. 2004). But as the government points out, Owens's representative was given the opportunity to challenge the sources supporting the VE's opinion at the hearing but did not raise this issue there, despite cross-examining the VE and lodging a blanket objection to her job numbers calculations. (A.R. 52, 61-62.) Accordingly, this argument is forfeited.[3] *See Barrett v. Barnhart*, 355 F.3d 1065, 1067 (7th Cir. 2004) ("[B]ecause [the claimant's] lawyer did not question the basis for the [VE's] testimony, purely conclusional though that testimony was, any objection to it is forfeited.").

In her opening and reply briefs, Owens protests that deeming her objection forfeited "divests [her] (no less, all or at least most others) of any meaningful ability to object" because it "is patently unreasonable to assume that a nonexpert in vocational matters (the claimant's representative) would be able, in the few minutes

---

[3] Although an ALJ has an affirmative duty to ask about conflicts between the VE's testimony and the DOT regardless of whether the claimant raises the issue, *see Overman v. Astrue*, 546 F.3d 456, 462-63 (7th Cir. 2008), the ALJ fulfilled that obligation here, (A.R. 59). Owens points to no rule requiring an ALJ to ask about conflicts between the DOT and other sources of job information.

6

made available for questioning the VE, to apprise him or herself of the DOT even, no less compare it to" more updated information like that provided through O*NET. (R. 22, Pl.'s Reply at 5, 8; R. 15, Pl.'s Mem. at 11 n.7.) Nevertheless, a VE is required to make the data and reasoning underlying her opinion available on demand. *See McKinnie*, 368 F.3d at 911. Owens does not explain why a representative with doubts about a VE's sources could not simply ask for the underlying data at the hearing, inquire as to whether it represents the most recent data on the relevant job, and question the VE directly as to whether there are discrepancies between a given DOT listing and the O*NET description. Owens essentially contends that the forfeiture rule should be scrapped altogether, and ALJs should be required to reopen the evidence any time a claimant raises a post-hearing objection to a VE's testimony. But Seventh Circuit precedent makes clear that the time for a claimant to question a VE about the underpinnings of her opinion is during the hearing. *See Barrett*, 355 F.3d at 1067; *Donahue v. Barnhart*, 279 F.3d 441, 446-47 (7th Cir. 2002) ("Raising a discrepancy only after the hearing . . . is too late. An ALJ is not obliged to reopen the record.").

Even if Owens had not forfeited her argument regarding the contrast between the DOT and O*NET descriptions of the two relevant jobs, she fails to demonstrate that the ALJ committed reversible error in relying on the VE's testimony. The VE testified that her opinion was consistent with the DOT, and Owens concedes that it was. (R. 15, Pl.'s Mem. at 9.) The governing regulations instruct ALJs to take administrative notice of the information provided in the DOT.

*See* 20 C.F.R. § 404.1566(d); *Weatherbee v. Astrue*, 649 F.3d 565, 569 (7th Cir. 2011). Owens points to no rule requiring an ALJ to do the same for O*NET. And although in recent years courts have criticized VEs' reliance on the DOT, *see, e.g., Dimmett*, 816 F.3d at 489 (and cases cited therein), that criticism appears as dicta and does not require remand, *see Adamec v. Berryhill*, No. 15 CV 11811, 2017 WL 1196920, at *6 (N.D. Ill. Mar. 31, 2017); *see also Ragland v. Berryhill*, No. 17-C-0730, 2018 WL 1757656, at *11 (E.D. Wis. Apr. 12, 2018) (collecting cases). "For a court to find error based solely on use of the DOT rather than the O*NET would overstep the bounds of judicial review." *Ragland*, 2018 WL 1757656, at *11 n.9.

## Conclusion

For the foregoing reasons, Owens's request for a remand is denied, the government's motion for summary judgment is granted, and the Commissioner's decision is affirmed.

**ENTER:**

_____
**Young B. Kim**
**United States Magistrate Judge**